UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | Case No. 22-cv-07310-AMO<br><br>**ORDER GRANTING MOTION TO AMEND AND GRANTING MOTION TO DISMISS IN PART**<br><br>Re: Dkt. Nos. 24, 35 |

Before the Court are Plaintiff Victoria Moore's motion to file a Third Amended Complaint and Defendant Wells Fargo's motion to dismiss the Second Amended Complaint for lack of standing. For the reasons set forth below, Moore's motion to amend is **GRANTED**, and Wells Fargo's motion to dismiss is **GRANTED** in part and **DENIED** in part.

I.   **BACKGROUND**

　A.   **FACTUAL BACKGROUND**

This action arises from Wells Fargo's alleged unlawful conduct concerning Moore's request for loan assistance after she defaulted on the loan of her home located at 461 Starmont Court, Danville, CA 94529 (the "Property"). Second Amended Complaint ("SAC"), ECF 23 ¶ 2. Moore inherited the Property from the trust of her late husband in 2016. *Id*. at ¶ 1. In 2020, Moore lost her source of income when she was forced to close her salon spa for over a year due to the COVID-19 pandemic. *Id*. Starting in August 2021, to alleviate the financial hardship, Moore submitted three applications for loan assistance to Wells Fargo. *Id*. ¶¶ 13, 18. Wells Fargo responded to the loan assistance applications by confirming that they were received and under review by a preservation specialist. *Id*. ¶ 19.

On March 29, 2022, Plaintiff received a notice of default which was recorded with the

Contra Costa County Recorder on May 27, 2022. *Id*. ¶¶ 13, 15. Moore alleges that Wells Fargo did not promptly facilitate communication nor provide adequate instructions in filling various paperwork. *Id*. at ¶ 25. Wells Fargo's conduct has caused Moore various injuries, including foreclosure costs, late fees, damage to her credit, and emotional distress. *Id*. at ¶ 28.

Based on these allegations, Moore asserts two causes of action against Wells Fargo: (i) violation of 12 CFR 1024.38[1] under RESPA for Wells Fargo's failure to maintain reasonable policies and procedures, and (ii) Unfair Business Practices claim in violation of California Business Practices Code § 17200, *et seq*. For her first cause of action, Moore seeks damages, equitable relief, and attorney's fees. As to her second cause of action, Moore seeks injunctive relief, restitution, disgorgement of sums wrongfully obtained by Wells Fargo, costs of suits and reasonable attorneys' fees.

**B.  PROCEDURAL BACKGROUND**

This case was initially filed in Contra Costa Superior Court on July 25, 2022. ECF 1. Wells Fargo later removed this case to federal court on November 18, 2022, on the basis of federal question jurisdiction because Moore alleged a cause of action under RESPA. *Id*. at 2. Thereafter, the Wells Fargo filed a motion to dismiss under Rule 12(b)(6). ECF 7. The Court granted Wells Fargo's motion and dismissed Moore's RESPA claim because Moore could not establish that she was a successor in interest to the loan, and therefore lacked statutory standing for her claim. ECF 20 at 4. Because RESPA was the only basis for federal question jurisdiction, the Court granted Moore leave to amend to allow her to establish another basis for federal question jurisdiction. ECF No. 20 at 5. On March 13, 2023, Moore filed her Second Amended Complaint alleging RESPA violations under Section 1024.38 and violations of California's Unfair Competition Law under Section 17200. ECF 23 at 4-5. Wells Fargo now moves to dismiss Moore's two claims set forth in the SAC under Rule 12(b)(6) without leave to amend. ECF 24 at 7. On June 23, 2023, while the motion to dismiss was under submission, Moore filed a motion for leave to file a Third

---

[1] Plaintiff's initial basis for this federal claim was 12 CFR 1024.41 *See* ECF No. 1 at 9. After the first motion to dismiss was granted, Plaintiff asserted the RESPA claim under 12 CFR 1024.38. *See* ECF No. 23 at 4. The SAC is the operative complaint for purposes of the motion to dismiss. Plaintiff's proposed Third Amended Complaint brings allegations under 12 CFR 1024.41.

1    Amended Complaint based on new evidence—acquired during discovery—that appears to

2    establish that Moore is a confirmed successor in interest. ECF 35 at 3. In her proposed Third

3    Amended Complaint, Moore reverts to her initial claim under 1024.41 because she can now

4    establish standing as a confirmed successor in interest. *See* ECF 34-2, Ex. 4. Wells Fargo filed its

5    opposition to the motion to amend on July 6, 2023.

**II.     DISCUSSION**

   **A.     Wells Fargo's Request for Judicial Notice**

Wells Fargo seeks judicial notice of eight documents in support of its motion to dismiss. ECF No. 25. Moore does not oppose. "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). However, under Federal Rule of Evidence 201(b), a court may take judicial notice of documents not subject to reasonable dispute either because they are: (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be adequately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(d).

The Court first considers Defendant's Exhibit A, a promissory note executed by John Snyder, the original borrower and Moore's late husband. ECF No. 25, Ex. A. Wells Fargo argues that this document "forms the basis of plaintiff's claims and its authenticity is not believed to be in question." *Id.* at 8. Judicial notice of this document is appropriate under the "incorporation by reference" doctrine, which provides that a court may "consider materials incorporated into the complaint or matters of public record," including "documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Next, Wells Fargo seeks judicial notice of six documents, submitted as Exhibits B-G, each of which was recorded with the Contra Costa County Records Office. *Id.* Ex. B-G. These include two Deeds of Trust executed by Snyder and recorded in 2014 and 2015 respectively, an Assignment of Deed of Trust recorded in 2018, and two Notices of Default recorded on March 30,

2022, and May 27, 2022, and a Notice of Trustee's Sale recorded on June 30, 2022. A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted); *see also In Purgana v. Wells Fargo*, No. 18-cv-03102-HSG, 2019 WL 402316 at *3 (N.D. Cal. Jan 31, 2019) (taking judicial notice of a Notice of Default as "a publicly recorded document.").

Finally, Wells Fargo seeks notice of the complaint in the matter of *Victoria Moore v. Comerica Bank, et al.*, filed in Contra Costa Superior Court on June 24, 2022. *Id.*, Ex. H. The Court takes notice of this document because it is a court record. *Harris*, 682 F.3d at 1132; s*ee also Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records, pleadings."). Accordingly, Wells Fargo's request for judicial notice is **GRANTED** as to all eight documents.

### B. Law of the Case

"The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (internal quotation and citation omitted). However, the Ninth Circuit has clarified that "[t]he law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case." *Id.* Moreover, "[t]he law of the case doctrine is not an absolute bar to reconsideration of matters previously decided. The doctrine merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1094 (9th Cir. 2005) (internal citation omitted). Thus, a court "may reconsider previously decided questions in cases in which . . . new evidence has surfaced . . ." *Id.* Moore has submitted new evidence in support of her standing to bring the RESPA claim that was previously dismissed with prejudice. This Court may therefore assess Moore's request to amend her complaint without vacating the prior order dismissing the RESPA claim. *See Askins*, 899 F.3d 1035 at 1043.

### C. Motion to Amend

A party may amend a pleading once as a matter of course within twenty-one days after

serving it. Fed. R. Civ. P. 15(a)(1). Thereafter, amendment is only allowed after obtaining leave of court, or by consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Generally, leave to amend "shall be freely given when justice so requires," *id.,* and "the grant or denial of a subsequent opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether leave should be granted pursuant to a District Court's discretion, the Supreme Court has stated that:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.*

In the Ninth Circuit, the above listed factors—often referred to as the *Foman* factors—are not weighted equally. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). Rather, courts have held that "the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Additionally, leave to amend may be denied on grounds of futility of the proposed amendments irrespective of prejudice. *See generally Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018); *see also Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013).

Moore seeks to amend her complaint to allege new facts that establish that she is the successor in interest to the disputed loan. The Ninth Circuit has made clear that the most important factor for this Court to consider when granting leave to amend is the resulting prejudice to Defendants, but that court may also deny such a motion upon a finding of futility. *See Howey v. United States*, 481 F.2d at 1190 and *Hoang v. Bank of Am., N.A.*, 910 F.3d at 1103. To determine whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

Wells Fargo argues that the Court should deny Moore leave to amend because it will be

prejudiced. The only prejudice Defendant raises, however, is the time and expense associated with continuing to litigate this case. ECF No. 36 at 8. Moreover, the new evidence Moore submits was a letter between the parties, so both parties had equal access to the information that prompted this motion to amend. Pursuant to RESPA, only a "borrower" may submit a loss mitigation application. § 1024.41(f)(2). RESPA prohibits a loan servicer from making a foreclosure referral "[i]f a borrower submits a complete loss mitigation application during the pre-foreclosure review period." *Id.*[2] § 1024.30(d) provides that "[a] confirmed successor in interest shall be considered a borrower for purposes of § 1024.17 and this subpart," in reference to Subpart C Mortgage Servicing, which is where § 1024.41 sits. Moore moves to amend her complaint to include referencing a letter from Wells Fargo, dated July 2, 2021, acknowledging that she "complet[ed] the Successor in Interest Data form with [Wells Fargo] verbally over the phone. [Wells Fargo has] updated the account listing [Moore] as a successor in interest." ECF 35-2, Ex. 4. As the "borrower," for purposes of RESPA, Moore alleges have standing to challenge Wells Fargo's actions regarding this loan. Accordingly, Moore has demonstrated that amendment would not be futile, and her motion for leave to file a Third Amended Complaint is **GRANTED**.

### D. Motion to Dismiss

#### 1. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

---

[2] Wells Fargo claims that it "initiated a foreclosure by recording a Notice of Default on May 27, 2022." ECF 25, Ex. E.

1    In deciding whether a claim has been stated upon which relief can be granted, the court
2 accepts all factual allegations as true and draws all reasonable inferences in favor of the
3 plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "[A]llegations that are
4 merely conclusory, unwarranted deductions of fact, or unreasonable inferences," however, need
5 not be "accept[ed] as true." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)
6 (internal quotation omitted).

7    If the court dismisses a complaint, it "should grant leave to amend even if no request to
8 amend the pleading was made, unless it determines that the pleading could not possibly be cured
9 by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)
10 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In making this determination,
11 the court should consider factors such as "the presence or absence of undue delay, bad faith,
12 dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to
13 the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*,
14 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman,* 371 U.S. at 182).

### 2. Federal Real Estate Settlement Procedures Act Claim: 12 CFR § 1024.38

17   In its motion to dismiss, Wells Fargo argues that § 1024.38 does not provide a private right
18 of action. ECF No. 24 at 14. Moore does not address this argument in either her motion to
19 dismiss or motion to amend briefing and does not seek to re-plead this claim in her proposed Third
20 Amended Complaint.

21   In its final rule adoption, the Consumer Financial Protection Bureau ("CFPB") restructured
22 Section 1024.38 so that there would be no private liability for violations of the rule. Mortgage
23 Servicing Rules Under the Real Estate Settlement Procedure Act (Regulation X), 78 Fed. Reg.
24 10778-10779 (Feb. 14, 2013). Specifically, the CFPB was concerned that courts would
25 inconsistently interpret the regulation, which would create a downstream compliance challenge for
26 loan servicers. *Id*. at 10779. Courts in this District have also found that there is no private
27 liability for violations of § 1024.38. *See, e.g., In re Wells Fargo Forbearance Litigation* No. 20-
28 cv-06009-JD, WL 3237501, at *5 (N.D. Cal. May 2, 2023) (finding that § 1024.38 does not

provide a right of action); *see also Courtois v. Shellpoint Mortgage Servicing, LLC.*, No. CV 20-4095 PA (PVCx), 2020 WL 13586024, at * 1 (C.D. Cal. May 26, 2020) (collecting cases).

Because this section does not create a private right of action, Wells Fargo's motion to dismiss is **GRANTED** with respect to the § 1024.38 claim.

### 3. Business and Professionals Code Section 17200 Claim

Wells Fargo argues that Moore's Section 17200 fails because the loan for the Property was in default before the alleged unfair acts were committed. Section 17200 prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]." Cal. Bus. Prof. Code § 17200. Courts have found that in order for a plaintiff to bring a claim under Section 17200, they must first have standing as set forth in Section 17204. *See Greenpeace, Inc. v. Walmart Inc.*, No. 21-cv-754-MMC, 2021 WL 4267536, at *1 (N.D. Cal. Sept. 20, 2021) (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 325 (Cal. 2009)). The standing requirement in Section 17204 requires that the plaintiff "has suffered an injury in fact and has lost money or property as a result of the unfair competition." *Id*. (quoting Cal. Bus. & Prof. Code § 17204.). The "as a result of" language in Section 17204 means "caused by." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (Cal. 2011). Thus, Moore must show that her injury was "caused by the unfair business practices." *Id*. at 320.

In the foreclosure context, courts in this district have held that a homeowner cannot allege that their injury was caused by the defendant's unfair business practices when the business practices occurred after the homeowner defaulted on their loan. *See, e.g., Tamburri v. Suntrust Mortgage, Inc*., No. 11-cv-02899-JST, 2013 WL 4528447 at *8 (N.D. Cal. Aug. 26, 2013) (quoting *Jenkins v. JP Morgan Chase Bank*, N.A. 216 Cal.App. 4th 497, 521 (Cal. Ct. App. 2013); *In Darsow v. Wells Fargo Bank, N.A*., No. 8:19-cv-01252-JLS-DLE, 2019 WL 6391520 at *5 (N.D. Cal. Sept. 3, 2019). Wells Fargo cites the Notice of Default stating that the loan for the Property was in default since February 1, 2020. ECF. No. 25 at 42. Wells Fargo argues that this default date precedes Moore's attempts for loan assistance. ECF No. 24 at 15.

Moore does not dispute that the loan was in default prior to her application for loan assistance. Instead, she argues that her loan was assessed "massive costs, fees, and interest"

8

1 because of Wells Fargo's failure to timely review her loss mitigation application. ECF 37 at 3.
2 Moore also contends that she "suffered actual damages by way of costs of suit." *Id.* Moore's
3 proposed Third Amended Complaint alleges that "Plaintiff has inquired [sic] damages as a result
4 of Wells Fargo's actions of foreclosure fees and costs that would not be owed but for Wells
5 Fargo's conduct, attorneys fees, and emotional distress." ECF No. 35-2, Ex. A ¶ 33. At the
6 motion to dismiss stage, this is sufficient to state a claim for relief. Accordingly, Wells Fargo's
7 motion to dismiss the Section 17200 claim is **DENIED**.

**III. CONCLUSION**

Accordingly, Plaintiff's motion for leave to amend is **GRANTED**. Defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part. This order disposes of Docket Nos. 24 and 35.

**IT IS SO ORDERED.**

Dated: August 28, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**